IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY JONES, | : | |
| | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| WAL-MART STORES EAST, LP and | : | |
| LESLIE WHITE, | : | |
| *Defendants.* | : | NO. 24-5521 |

<u>MEMORANDUM</u>

Scott, J.                                                                                                                                                                              **February 4, 2025**

      Plaintiff Anthony Jones filed this trip-and-fall case in the Philadelphia Court of Common Pleas against Defendants Walmart Stores East, LP and the store manager, Leslie White, to recover for the injuries he allegedly sustained when he tripped and fell at a Walmart. Defendants removed the case to this Court asserting that Defendant White was fraudulently joined, and thus, the requirements for federal diversity jurisdiction are satisfied. Presently before the Court is Plaintiff's Motion to Remand (ECF No. 15). For the reasons described below, the Motion will be granted, and the case will be remanded. An appropriate Order will follow.

**I.    <u>BACKGROUND</u>**

      On September 11, 2024, Plaintiff, a Pennsylvania resident, filed this suit in the Philadelphia County Court of Common Pleas against Defendants Walmart Stores East, LP and the store manager, Leslie White. ECF No. 1-4, Compl. ¶¶ 1–3. In his Complaint, Plaintiff alleges that on November 16, 2023, he tripped and fell on a defective manhole cover inside the Walmart retail store located at 270 Indian Run Street in Exton, Pennsylvania, which caused him to suffer serious and permanent physical injuries. *Id.* ¶¶ 5, 8. Plaintiff claims negligence against both Walmart, which is *not* a citizen of Pennsylvania, and the store manager Leslie White, who is a citizen of Pennsylvania. ECF No. 1 ¶¶ 31–34.

On October 17, 2024, Defendants removed the case to federal court, asserting that Defendant White had been fraudulently joined and, therefore, diversity jurisdiction existed under 28 U.S.C. § 1332. ECF No. 1. Thereafter, on December 9, 2024, Plaintiff filed the present Motion to Remand (ECF No. 15), to which Defendants filed an Opposition on December 23, 2024 (ECF No. 16).

## II. LEGAL STANDARD

A defendant removing a case from state court under Section 1332(a) bears the burden of demonstrating that the opposing parties are citizens of different states and the amount in controversy is satisfied. Fraudulent joinder is "an exception to the requirement that removal be predicated solely upon complete diversity" and allows a defendant to remove an action to federal court if a non-diverse defendant was fraudulently joined solely to destroy diversity jurisdiction. *In re Briscoe*, 448 F.3d 201, 215–16 (3d Cir. 2006). However, if a non-diverse defendant is properly joined, the court must remand the case for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (explaining courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it").

The removing party asserting fraudulent joinder has a "heavy burden of persuasion." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Brown v. Jeric*, 575 F.3d 322, 326 (3d Cir. 2009) (citing *In re Briscoe*, 448 F.3d at 217). Stated differently, "[t]o succeed on a claim of fraudulent joinder, the removing party must show that the plaintiff's claim against the non-diverse defendant is 'wholly insubstantial and

2

frivolous.'" *Harris v. Miller's Ale House, Inc.*, No. CV 23-03349, 2023 WL 7544998, at *3 (E.D. Pa. Nov. 13, 2023) (quoting *Batoff*, 977 F.2d at 852). "[I]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Ramos v. Wal-Mart Stores, Inc.*, 202 F. Supp. 3d 457, 462 (E.D. Pa. 2016) (quoting *In re Biscoe*, 448 F.3d at 217).

"The district court conducting a fraudulent joinder analysis must consider the complaint at the time the notice of removal was filed, accepting the factual allegations of the complaint as true and resolving any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Ahearn v. BJ's Wholesale Club, Inc.*, No. CV 19-3012, 2020 WL 1308216, at *1 (E.D. Pa. Mar. 18, 2020) (citing *Batoff*, 977 F.2d at 851–52). Moreover, because the "removal statutes are to be strictly construed against removal," the fraudulent joinder exception "should not be invoked lightly." *Neiman v. Apple Inc.*, No. CV 21-2028, 2021 WL 2823078, at *1 (E.D. Pa. July 6, 2021) (citations omitted).

### III.   DISCUSSION

Defendants have failed to satisfy their heavy burden of persuasion that joinder was fraudulent. In arguing the contrary, Defendants contend that, under the "participation theory" of liability in Pennsylvania, there is no colorable claim of negligence against Defendant White. ECF No. 16. Under this theory, corporate employees "can be held liable for 'misfeasance,' i.e., the improper performance of an act, but not for 'mere nonfeasance,' i.e., the omission of an act which a person ought to do." *Gardler v. Wal-Mart Stores, Inc.*, No. 18-4689, 2019 WL 2489691, at *5 (E.D. Pa. June 12, 2019) (quoting *Brindley v. Woodland Vill. Rest., Inc.*, 652 A.2d 865, 869 (Pa. Super. Ct. 1995)); *see also Aldorasi v. Crossroads Hosp. & Mgmt. Co., LLC*, 344 F. Supp. 3d 814, 822 (E.D. Pa. 2018) (collecting cases holding that "Pennsylvania courts have routinely applied the

[participation] theory to employees and other non-officer agents"). Defendants argue that the Complaint sets forth only allegations of nonfeasance against Defendant White, which are not colorable. Additionally, Defendants offer an affidavit from Defendant White in support of their argument that White had no role in the trip and fall incident at the store on November 16, 2023, as she was not present or working at the time of the alleged incident nor was she involved with any investigation or reporting after. ECF No. 16, Ex. G.

While Defendants' argument may be appropriate for a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss analysis, it is inappropriate for the Court to address the merits of this factual defense without first having jurisdiction over the case. *See Ramos v. Wal-mart Stores, Inc.*, 202 F. Supp. 3d 457, 463 (E.D. Pa. 2016) (refusing to consider affidavits submitted by defendants in a fraudulent joinder inquiry); *see also Ahearn*, 2020 WL 1308216, at * 4 (declining to consider affidavit). At this stage, this Court must determine only if there is a "possibility that a state court would find that the complaint states a cause of action" against Defendant White. *Spangenberg v. McNeilus Truck & Mfg., Inc.*, No. 18-4915, 2019 WL 1930062, at *4 (E.D. Pa. May 1, 2019) (citation omitted); *see also West v. Marriott Hotel Servs., Inc.*, No. 19-4130, 2010 WL 4343540, at *3 (E.D. Pa. Nov. 2, 2010) ("Fraudulent joinder should not be found simply because plaintiff has a weak case against a non-diverse defendant."). And "[c]ourts applying Pennsylvania law have repeatedly recognized that negligence claims against a store manager relating to a slip-and-fall incident are colorable under Pennsylvania law." *Ahearn*, 2020 WL 1308216, at *3 (internal quotations and citations omitted) (collecting cases). Given this precedent, Defendants have not shown that there is no reasonable basis in fact or colorable grounds supporting the negligence claim against Defendant White.[1]

---

[1] Defendants also argue that Plaintiff has no real intention in good faith to prosecute the action against Defendant White. However, the Court cannot clearly discern a lack of good faith in Plaintiff's actions.

Accordingly, because removal statutes are to be strictly construed against removal and all doubts are to be resolved in favor of remand, the Court cannot find that Defendant White was fraudulently joined. Therefore, as complete diversity does not exist among the parties, the Court will remand the case to the Court of Common Pleas for Philadelphia County.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (ECF No. 15) will be granted. An appropriate Order follows.

BY THE COURT:

_____
**HON. KAI N. SCOTT**
**United States District Court Judge**